37578. DAVIS *v.* MARTIN THEATRES OF GEORGIA, INC.

DECIDED MARCH 17, 1959.

*Ben F. Smith, Bruce B. Edwards,* for plaintiff in error.

*Reed, Ingram & Flournoy, Robert E. Flournoy, Jr., R. M. Reed, Conley Ingram,* contra.

FELTON, Chief Judge. The judgment excepted to in this case was rendered on November 28, 1958. On December 23, 1958, the following certificate was signed by George P. Whitman, Sr., Judge, Fulton Superior Court, Atlanta Judicial Circuit of Georgia:

"Certification of Tendering of Bill of Exceptions to Adjoining Circuit.

"The within and foregoing bill of exceptions of plaintiff in error being presented to this court on statement of counsel for plaintiff in error, that Honorable James T. Manning, trial judge of the adjoining judicial circuit of Cobb is sick and confined to his home, the same is hereby marked tendered by this court.

"This the 23rd day of December, 1958.

/s/ Geo. P. Whitman, Sr.
Judge, Fulton Superior Court
Atlanta Judicial Circuit of Ga."

On January 7, 1959, the Judge of Cobb Superior Court signed a bill of exceptions which reads in part as follows: "I do hereby certify that the foregoing bill of exceptions was not tendered to me within the 30 days after final order, but I further certify that I was confined to bed due to illness after 11 a.m. on December 22nd, all of December 23rd, 24th, 1958, and until noon December 25th, 1958. This is to further certify that due to the Christmas holidays the Cobb County courthouse was closed all day on December 24th, 25th, 26th, and 27th, 1958, and reopened on December 29, 1958; but the court understands that said bill of exceptions was presented to the Honorable George

P. Whitman, Judge of the Superior Court of Fulton County, which the judge of Cobb Superior Court greatly appreciates due to his suffering and discomfort on the days aforesaid." Defendant in error moves to dismiss the writ of error as follows: "Defendant in error moves to dismiss the bill of exceptions upon the ground and for the reason that this court is without jurisdiction to entertain said bill of exceptions, it appearing upon the face of the bill of exceptions that the same was untimely presented for certification, that the same was erroneously tendered to an improper official unauthorized to accept tender thereof, and that the said bill of exceptions was not certified by an official authorized to certify the same."

■ Code § 6-902 was amended in 1957 and now reads as follows: "Bills of exception shall be tendered to any judge authorized by law to certify them within 30 days from the date of the decision complained of. This provision as to time shall apply to bills of exception in all classes of cases and shall so apply irrespective of whether or not the term at which the decision was rendered had adjourned, and irrespective of whether the decision complained of was rendered in vacation or at chambers or during a term of court, except that nothing herein contained shall change any provision of section 27-1201 providing the time within which direct bills of exceptions must be taken to denials of motions for change of venue. If in any case, no judge authorized by law to certify a bill of exceptions is within the circuit where the case is pending, or, in the event the case is pending in a court other than a superior court, is within the county where the case is pending at the time when a bill of exceptions must be tendered, the party desiring to tender the said bill of exceptions, or his counsel, may present the bill of exceptions to the clerk of the court in which the cause is pending. He shall mark the bill of exceptions 'Tendered' with the date and hour of tender, and retain it until the judge of the superior court shall have returned to the circuit or the judge of a court other than the superior court has returned to the county in which the case is pending at which time the clerk shall present or deliver it to the judge for certification. If a bill of exceptions is true, and contains, in connection with the transcript

of the record, all the facts necessary to the understanding and adjudication of the alleged error, the judge shall sign and certify the same within 10 days from the date he received it, unless returned to counsel for plaintiff in error for correction thereof as provided by law." Ga. L. 1957, pp. 243, 244.

Code § 6-906 was amended in 1957 and now reads as follows: "If the judge who presided at the trial of a cause, or who issued any order, judgment or decree, complained of in the bill of exceptions shall die, resign, or otherwise cease to hold his office as judge, or is otherwise incapable of acting when the bill of exceptions shall be tendered, counsel for the party named as plaintiff in error in the bill of exceptions may tender the bill of exceptions to the successor to said judge or to any judge who issued any order, judgment or decree in said cause or to any other judge of the superior courts of the circuit in which the case is pending, if there be such, and if not then to any other judge of the superior courts. Such judge shall then certify to the bill of exceptions in the following form: 'I do certify that the foregoing bill of exceptions is true, according to the best evidence at my command, and contains (or specifies, as the case may be) all the evidence, and specifies all of the record, material to a clear understanding of the errors complained of; and the clerk of the_____Court of_____is hereby ordered to make out a complete copy of such parts of the record in said case as are in this bill of exceptions specified, and certify the same as such, and cause the same to be transmitted to the Supreme Court (or the Court of Appeals, as the case may be), that the errors alleged to have been committed may be considered and corrected. I do further certify that, except as set out in the foregoing bill of exceptions, I did not preside at the trial of the case, or issue any order, judgment or decree therein, but according to the best evidence at my command, I certify the recitals in the bill of exceptions to be true.' " Ga. L. 1957, pp. 242, 243.

Neither one of the above amended Code sections authorizes the procedure followed by the plaintiff in error in this case. The trial judge was not absent from his circuit and the bill of exceptions was not tendered to the clerk of the court and cer-

tified thereafter by the trial judge. The trial judge was not so incapable of acting as to *require*, as the law just quoted specifically does, the certification of the bill of exceptions by another judge, as the trial judge certified the bill of exceptions himself. There is no provision of law for the bill of exceptions to be presented to a judge of another circuit when the trial judge is within his circuit and not incapable of certifying the bill of exceptions. The fact that the courthouse in the circuit was closed will not excuse one from presenting a bill of exceptions during such period. The bill of exceptions in this case could have been presented to the trial judge within 30 days from the date of the judgment excepted to.

The bill of exceptions was not presented to the trial judge within 30 days from the date of the judgment excepted to and the writ of error must be and is hereby dismissed.

*Writ of error dismissed. Quillian and Nichols, JJ., concur.*